CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 22, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
   DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LAURA BERL AND SETH BERL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, *Plaintiffs,* v. BMW OF NORTH AMERICA, LLC, *Defendant.* | CASE NO. 3:24-cv-00066 OPINION JUDGE NORMAN K. MOON |

Plaintiffs Laura and Seth Berl have sued BMW of North America ("BMW") in a putative class action, alleging that a "rollaway defect" in their newly purchased BMW X1 compromised their safety and caused them pecuniary and emotional harm. They bring four causes of action, including violation of Virginia's Lemon Law, Va. Code §§ 59.1-207.9, *et seq. See* Dkt. 13 (First Amended Complaint, Count IV).[1] BMW previously moved to dismiss Plaintiffs' complaint for failure to state a claim, arguing that, *inter alia*, Plaintiffs lack "injury in fact" because they allegedly rejected BMW's offer of a refund for their defective car—an offer which BMW provided pursuant to the Lemon Law. *See* Dkt. 19 at 7. BMW contends that because Plaintiffs rejected the refund which would have made them whole, their harm is self-inflicted and falls short of Article III injury in fact.

However, BMW submitted this jurisdictional argument via a Rule 12(b)(6) motion for

---

[1] Virginia's Lemon Law is formally titled the Virginia Motor Vehicle Warranty Enforcement Act. *See* Va. Code § 59.1-207.9. However, the Supreme Court of Virginia has referred to it as the Lemon Law. *See Ranger v. Hyundai Motor Am.*, 885 S.E.2d 156 (Va. 2023).

failure to state a claim, not a Rule 12(b)(1) motion for lack of subject matter jurisdiction. Furthermore, the purported refund offer was not "integral to and explicitly relied on in the complaint," such that the Court could not consider it under the standards of Rule 12(b)(6).[2] Accordingly, the Court converted BMW's motion to dismiss into a motion for summary judgment **as to Count IV** of the complaint, regarding the **limited issue** of whether Plaintiffs retain a viable cause of action under Virginia's Lemon Law after rejecting a refund offer. Dkt. 43 (Order) at 3 (citing *Ranger v. Hyundai Motor Am.*, 885 S.E.2d 156, 158 (Va. 2023) ("A manufacturer who has offered a refund that satisfies the Lemon Law requirements is not in violation of the statute.")). The parties were afforded 60 days from the date of the order to conduct reasonable discovery and "present all the material that is pertinent to the motion." *See* Fed. R. Civ. P. 12(d). The issue is now fully briefed and ripe for decision.

As explained below, the Court concludes that no dispute of material fact exists as to whether BMW's refund offer complied with the Lemon Law, and, under those facts, BMW is <u>not</u> entitled to judgment as a matter of law. The Lemon Law unambiguously entitles consumers to a full refund, but BMW's refund offer attached additional terms—namely, a release of all related claims against BMW—that made it *less* than a full refund. Plaintiffs were not required to accept such an offer merely to safeguard their remedies under the Lemon Law, and their rejection of the offer did not moot their injury for purposes of Article III standing. Therefore, BMW's motion to dismiss on this ground, Dkt. 18, is **DENIED**.

---

[2] *Phillips v. LCI Intern., Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (stating that a document outside the complaint should only be considered when the document "was integral to and explicitly relied on in the complaint" and the document's authenticity is not in question); *see also Philips v. Pitt Cnty. Meml. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("We may [] consider documents attached to the complaint, . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.").

I. **Legal Standard**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party," and "[a] fact is material if it might affect the outcome of the suit under the governing law." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018). Once a party makes a Rule 56 motion, "[t]he burden is on the nonmoving party to show that there is a genuine issue of material fact for trial … by offering sufficient proof in the form of admissible evidence." *Id.* (quoting *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016)) (internal quotation marks omitted). The plaintiff may not rest on allegations in the pleadings; rather, she must present sufficient evidence such that a reasonable fact finder could find for her by a preponderance of the evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Sylvia Dev. Corp. v. Calvert Cnty., Md.*, 48 F.3d 810, 818 (4th Cir. 1995). The district court must "view the evidence in the light most favorable to the nonmoving party" and "refrain from weighing the evidence or making credibility determinations." *Id.* "Although the court must draw all justifiable inferences in favor of the nonmoving party, the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

II. **Background**

Plaintiffs Laura and Seth Berl purchased a new 2023 BMW X1 from BMW of Charlottesville, an authorized BMW dealer, for roughly $53,000. Ex. 1, Berl Dep. 22:23-23:15. They purchased the vehicle in September 2023, *id.*, and immediately noticed issues with the

3

powertrain and a so-called "rollaway defect." Ex., 1, Berl Dep. 23:21-24:2. Several attempts at service were unsuccessful. Ex. 1, Berl Dep. 24:3-25:5. By December, the Berls decided to return the vehicle. They took it to the dealer and left it there. Ex. 1, Berl Dep. 26:7-11.

BMW inspected the vehicle and ultimately agreed to repurchase the vehicle. Ex. 1, Berl Dep. 38:6-11, 44:23-45:2. Tom Iula, an executive in customer relations at BMW, handles buyback repurchases. Ex. 9, Iula Dep. 5:8–13, 6:5-11. He emailed Laura in February, stating, "BMW of North America will repurchase the above referenced vehicle." Ex. 1, Berl Dep. 44:23-45:2. Later in April, Tom followed up with Laura in an email, stating, "Please see attached settlement for buyback and return to me signed. Once I have signed settlement, I will let you know the next steps." Ex. 1, Berl Dep. 46:24-47:3. The attachment to Tom's email was a PDF file titled "CR Berl 5X49460 Buyback settlement.pdf," which, upon opening, is entitled "Settlement Agreement and Release - Repurchase". *See* Ex. 10.

Shortly thereafter, Tom emailed Laura a revised PDF attachment titled "CR Berl 5X49460 Buyback settlement2.pdf." Tom wrote that he "had to make an adjustment to the settlement for mileage usage on the vehicle." Ex. 11 at 1. Otherwise, the proposed settlement was the same. "Please return the signed settlement to me so we can move forward," he said. *Id*.

Paragraph 4 of the Settlement Agreement is titled "Release" and states as follows:

> Except as expressly stated elsewhere in this Agreement, the Parties will have no further liability or obligations to each other arising out of or related to the Dispute, any of the claims or subject matter involved therein, or any claims or subject matter which could have been asserted therein (the "Released Matters"). In consideration of the covenants and agreements of the Parties contained in this Agreement, the Parties will and do hereby forever relieve, release and discharge each other party BMW of Charlottesville BMW(Dealer) and Bayerische Motoren Werke AG from any and all claims, debts, liabilities, demands, obligations, promises, and acts, agreements, costs, expenses (including, but not limited to, attorneys' fees), damages, actions and causes of action, of any kind

4

>       or nature, whether known or unknown, suspected or unsuspected,
>       now existing or arising in the future, based on, arising out of, or in
>       connection with, the Released Matters.

*See* Ex. 12, ¶ 4.

In response to Tom's proposal, Seth sent a lengthy email rejecting the offer and detailing his objections to the settlement agreement, including his impression that BMW had not offered a buy-back but rather proposed a settlement agreement with release language. Ex. 15 ("BMW has refused to provide [a fixed buyback] . . . unless we release all claims . . . . You may not legally demand that additional term."). From there, the parties' negotiations broke down and the Berls brought suit.

### III.     Discussion

Virginia's Lemon Law "is a statutory creation," *Ranger*, 885 S.E.2d at 157, which sets forth "procedures whereby a consumer may receive a replacement motor vehicle, or a full refund, for a motor vehicle which cannot be brought into conformity with the express warranty issued by the manufacturer." Va. Code § 59.1-207.10. The statute provides that "[i]f a new motor vehicle does not conform to all warranties," the manufacturer "shall make such repairs as are necessary to conform the vehicle to such warranties." Va. Code § 59.1-207.12. If nonconformity continues after repair, such that safety of the vehicle is "significantly impaired," the manufacturer must either: (i) replace the vehicle with a "comparable motor vehicle acceptable to the consumer" or (ii) "[a]ccept return of the vehicle and refund to the consumer . . . the full contract price . . . less a reasonable allowance for the consumer's use of the vehicle."[3] Va. Code § 59.1-207.13(A)(1-2).

---

[3] "The consumer shall have the unconditional right to choose a refund rather than a replacement vehicle." Va. Code § 59.1-207.13(A)(2).

"Any consumer who suffers loss by reason of a violation of any provision of this [act] may bring a civil action to enforce such provision." Va. Code § 59.1-207.14. However, "[f]or there to be a civil action, . . . there must be a 'violation.'" *Ranger*, 885 S.E.2d at 158. "A manufacturer who has offered a refund that satisfies the Lemon Law requirements is not in violation of the statute." *Id*. The statute does not define "refund." *See* Va. Code § 59.1-207.11.

Here, the issue is whether a manufacturer complies with the Lemon Law when it offers a refund that is made conditional on the consumer's assent to additional terms. We conclude that such an offer is not compliant.

The Lemon Law's plain language requires manufacturers to either provide a replacement vehicle or issue a refund. Va. Code § 59.1-207.13(A)(1-2). That means consumers are legally entitled to one of those two things; no more and no less. Here, BMW made an offer that facially complied with the statute,[4] but it sought to gain much more in exchange for that offer than is provided by statute. BMW conditioned its offer on the Berls releasing "all claims, . . . , damages, actions and causes of action, of any kind or nature, whether known or unknown, suspected or unsuspected, now existing or arising in the future" arising out of the dispute with the returned vehicle. *See* Ex. 12, ¶¶ 2, 4. While release language of this kind may be commonplace in commercial transactions generally, or in settlement negotiations, inserting such release language into a Lemon Law refund offer pushes the offer outside the scope of the Lemon Law altogether. *See* Va. Code § 59.1-207.13(A)(2) (stating that the manufacturer shall "[a]ccept return of the motor vehicle and refund to the consumer . . . the full contract price"). Indeed,

---

    [4] The Court assumes without deciding that the offer complied with the remaining terms of the Lemon Law, such as the accounting of mileage, incidental damages, etc. *See* Va. Code § 59.1-207.13(A)(2) (stating that the manufacturer shall "[a]ccept return of the motor vehicle and refund to the consumer . . . the full contract price *including all collateral charges, incidental damages, less a reasonable allowance for the consumer's use of the vehicle up to the date of the first notice of nonconformity*") (emphasis added).

6

allowing a manufacturer to require a release in exchange for a refund would effectively re-write the statute and upset the balance of equities contemplated by the statute's remedial scheme.[5]

BMW argues that Plaintiffs have not identified "any statute, regulation, or caselaw prohibiting a motor-vehicle manufacturer from requesting a release in connection with a refund, under the Lemon Law or otherwise." Dkt. 47 at 15. But the question is not whether BMW is prohibited from seeking a release. The question is whether inserting such a release into a Lemon Law refund offer transforms the legal character of the offer; and the answer is yes. Dealers and manufacturers may negotiate to handle warranty claims as they see fit, but they do so at their own peril. Negotiations step outside of the Lemon Law framework when they detract from consumers' statutorily-provided remedies or are conditioned on terms not found in the statute.

BMW argues that forbidding such negotiation "runs counter" to the Commonwealth's policy of favoring private resolution of disputes through compromise and settlement. Dkt. 47 at 15 (citing *Mansfield v. Bernabei*, 727 S.E.2d 69, 75 (Va. 2012)) ("The importance of encouraging compromise and settlement is unquestioned in our jurisprudence."). But this general policy in favor of compromise agreements does not thwart a consumer's right to pursue the Commonwealth's "statutory procedures" which govern motor vehicle warranty disputes, and which plainly guarantee either "a replacement motor vehicle, or a full refund." Va. Code § 59.1-207.10. Finally, we note that the Lemon Law explicitly states that "[n]othing in [this law] shall be construed to limit or impair the rights and remedies of a consumer under any other law." Va. Code § 59.1-207.13(F). This is a clear reminder that consumer remedies under the Lemon Law shall not be reduced or made conditional on non-statutory terms—perhaps especially by demanding a release of claims under *other* laws.

---

[5] We note that the law of damages would protect a manufacturer who provides a refund and is brought to court by a plaintiff seeking duplicative compensation.

## IV.  Conclusion

For the reasons explained above, BMW's motion to dismiss Plaintiffs' complaint, Dkt. 18, is **DENIED in part**. The motion is denied insofar as it seeks dismissal of Count IV of Plaintiffs' complaint for failure to state a claim and/or seeks dismissal of the entire complaint for lack of an injury under the Lemon Law and lack of Article III standing. The remainder of BMW's motion to dismiss remains pending and will be adjudicated by a separate decision of this Court.

The Clerk of Court is directed to send a copy of this Order to all counsel of record.

Entered this 22nd day of August, 2025.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE